**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chance Coles, | No. CV-23-00020-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| J. Francis, et al., | |
| Defendants. | |

**I.    Background**

On January 10, 2023, Plaintiff Chance Coles, who was then confined in the United States Penitentiary (USP)-Tucson, filed a pro se document, which the Clerk of Court docketed as a civil rights Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to facilitate its consideration. In a January 18 Order, the Court dismissed the Complaint with leave to amend and gave Plaintiff 30 days to (1) pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis and (2) file an amended complaint using the court-approved form included with the Order.

On February 6, Plaintiff filed his First Amended Complaint, an Application to Proceed In Forma Pauperis, and a Motion for Appointment of Counsel. In a February 10 Order the Court denied the Motion and the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On February 27, Plaintiff filed a letter, and on March 6 he filed an Application to Proceed In Forma Pauperis and a second letter. In a March 14 Order, the Court denied the requests for relief in Plaintiff's letters and denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On March 20, Plaintiff filed a Request for Emergency Injunction and a letter. On March 23, Plaintiff filed a Motion asking the Court to order USP-Tucson officials to complete the Application to Proceed In Forma Pauperis form and to provide him a certified six-month trust account statement. In a March 31 Order, the Court denied the request for relief in the March 20 letter, denied the Motion, and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On April 7, Plaintiff filed a Motion to Voluntarily Dismiss Case, which the Court granted in an April 12 Order. The Clerk of Court entered Judgment the same day.

On April 14, Plaintiff filed a second Motion to Voluntarily Dismiss Case (Doc. 20). On April 20, Plaintiff filed a Motion and Request for Assistance (Doc. 21) and a Motion for Reconsideration (Doc. 22). On April 27, Plaintiff filed another Motion for Reconsideration (Doc. 23).

On May 3, the Court (1) construed Plaintiff's second Motion for Reconsideration (Doc. 23) as a Motion to Vacate Judgment and granted it; (2) denied as moot Plaintiff's Motion to Voluntarily Dismiss, Motion for Assistance, and first Motion for Reconsideration (Doc. 22); (3) vacated the Court's April 12 Judgment and reopened Plaintiff's case; (4) vacated in part the Court's March 14 Order denying Plaintiff's Application to Proceed In Forma Pauperis; (5) granted Plaintiff's Application to Proceed In Forma Pauperis; (6) ordered Plaintiff to pay the initial $350.00 filing fee; (7) dismissed Plaintiff's claims for money damages; (8) dismissed without prejudice Defendants Francis, Hernandez, Flores, and Smiguel; (9) joined Warden Gutierrez as a Defendant in his official capacity only; (10) ordered Defendant Gutierrez in his official capacity to answer Plaintiff's claims for injunctive relief in the First Amended Complaint (Doc. 4) and to respond to

Plaintiff's Request for Emergency Injunction (Doc. 13); and (11) directed the Clerk of the Court to send Plaintiff a service packet. Doc. 24 at 10–11.

The Court's May 3 Order also (1) directed Plaintiff to complete and return the service packet to the Clerk of the Court within 21 days; (2) advised Plaintiff that any amended complaint must comply with Rule 15 of the Federal Rules of Civil Procedure; (3) warned Plaintiff that failure to obtain a waiver or complete service within 60 days could result in dismissal; (4) warned Plaintiff that failure to file and serve a notice of a change of address under Rule 83.3(d) of the Local Rules of Civil Procedure could result in dismissal; and (5) warned Plaintiff that failure to timely comply with every provision of the Order could result in dismissal. Doc. 24 at 8–9.

On June 8, having not received back Plaintiff's service packet, the Court ordered Plaintiff to file written notice demonstrating good cause no later than June 20. Doc. 26. Plaintiff did not respond. *See generally* docket.

On September 11, Plaintiff filed a Second Amended Complaint without leave of Court or explanation of his failure to comply with the Court's Orders. *See* Doc. 27. Plaintiff's Second Amended Complaint is nearly identical to the first. *Compare* Doc. 4, *with* Doc. 27. The Second Amended Complaint was signed August 15, and mailed from: "United States Penitentiary Atwater, P.O. Box 019001, Atwater, CA, 95301." Doc. 27 at 6; Doc. 27-1.

**II.     Analysis**

The Court will dismiss Plaintiff's case because Plaintiff failed several times to comply with the Court's orders, failed to comply with the Rules of Civil Procedure, and fails to state a claim for which relief may be granted.

First, Plaintiff has failed to comply with the Court's orders. The Court had to remind Plaintiff several times not to send letters to the Court, the undersigned, or staff. *See* Doc. 12 at 2 n. 1; Doc. 16 at 2. Plaintiff also struggled to follow the Court's instructions on how to correctly file his In Forma Pauperis paperwork. *See* Doc. 8 at 2; Doc. 16 at 2–4. Finally, and most critically, Plaintiff failed to follow the Court's direction to notify the Court of an

address change, return the Court's service packet, and explain his failure to return the Court's service packet. *See* Docs. 24, 26. In particular, Plaintiff's failure to notify the Court of any potential address change is compounded by the fact that the Court warned Plaintiff of the consequences on several occasions. *See* Doc. 3 at 3; Doc. 8 at 3; Doc. 12 at 4; Doc. 16 at 4; Doc. 24 at 8–9.

Second, Plaintiff has failed to comply with the Federal Rules of Civil Procedure. Rule 15 requires leave of Court to amend a complaint more than 21 days after serving it. Fed. R. Civ. P. 15(2). Plaintiff is not entitled to amend his complaint as a matter of course at any time simply by failing to serve it at all. *See* Fed. R. Civ. P. 15(1). That would not be consistent with the Rules' purpose of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As with Plaintiff's other errors, his failure to comply with the Federal Rules of Civil Procedure is compounded by the fact that the Court warned him of the consequences several times. *See* Doc. 3 at 6, 8; Doc. 24 at 10.

Finally, Plaintiff has failed to state a claim for relief. Plaintiff's Second Amended Complaint repeats the same claims against the same defendants as his First Amended Complaint. *Compare* Doc. 4, *with* Doc. 27. The Court previously dismissed those defendants and all claims except the claim for injunctive relief. Doc. 24 at 9–10. As the Court explained, Plaintiff cannot seek monetary damages under *Bivens* for his claims. *See* Doc. 24 at 6–8. The only claims that survived the Court's dismissal were claims for injunctive relief. *See* Doc. 24 at 8. Those claims are now moot because Plaintiff has been transferred to a different facility. *See* Doc. 27-1. Thus, even if the Court accepted Plaintiff's untimely amended complaint, and overlooked Plaintiff's failure to notify the Court of his address change, Plaintiff's Second Amended Complaint fails to state a claim.

Considering these issues, the Court will dismiss Plaintiff's Second Amended Complaint and order the Clerk to close this case. Because the complaint could not be cured by amendment, the Court will dismiss with prejudice.

///

### III. Order

Accordingly,

**IT IS ORDERED DISMISSING WITH PREJUDICE** Plaintiff's Second Amended Complaint (Doc. 27) for failure to state a claim under 28 U.S.C. § 1915A(b)(1). The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to mail Plaintiff (1) a copy of the Court's May 3 Order (Doc. 24), (2) a copy of the Court's June 8 Order (Doc. 26), and (3) a copy of this Order, to Plaintiff at the following address:

> Chance Coles #76364-007
> USP Atwater
> U.S. Penitentiary
> P.O. Box 019001
> Atwater, CA 95301

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 15th day of September, 2023.

_____
John C. Hinderaker
United States District Judge